IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ERLENE RIVERA § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | |
| § | CAUSE NO. _____ |
| AARON WEBSTER, AN INDIVIDUAL, § | |
| AND WEBSTER FOODS, LLC, D/B/A § | |
| TASTI D LITE § | |
| § | |
| Defendants. § | |

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants Aaron Webster ("Webster") and Webster Foods, LLC, d/b/a Tasti D Lite ("Webster Foods") (collectively, "Defendants") hereby file this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, and in support thereof would respectfully show the Court as follows:

### I.   INTRODUCTION

1. The style of the State Court action which Defendants hereby remove to this Court is *Erlene Rivera v. Aaron Webster, an Individual, and Webster Foods, LLC, d/b/a Tasti D Lite*, Cause No. 2013-29016, In the District Court of Harris County, Texas, 190th Judicial District.

2. On May 13, 2013, Plaintiff Erlene Rivera ("Plaintiff" or "Rivera") commenced this action against Defendants by filing her Original Petition and Request for Disclosure with the District Court of Harris County, Texas.  Defendants were served with the summons and complaint on June 1, 2013.  Defendants file this Notice of Removal

1

within the thirty (30) day time period required by U.S.C. § 1446(b). This Notice is timely.

3. A copy of all process, pleadings, and orders served upon Defendants in the state court action are attached to this notice as required by 28 U.S.C. § 1446(a).

4. Defendants are informed and believe that Plaintiff was and still is a citizen of the State of Texas.

5. Defendant Aaron Webster was at the time of the filing of this action and still is a citizen of the State of Texas.

6. Defendant Webster Foods, LLC, d/b/a Tasti D Lite, was at the time of the filing of this action and still is a citizen of the State of Texas because it is organized under the laws of Texas with its principal place of business in Texas.

## II. NATURE OF SUIT

7. In her Original Petition, Plaintiff alleges she was employed by Defendants from June 2010 through May 2011. Plaintiff claims that, during her employment, Defendants made derogatory comments concerning her color, race, and/or accent, and instructed her not to hire black people or "people like her." Plaintiff further alleges she underwent emergency surgery in March 2011 and was instructed to rest for four weeks afterward in order to recuperate. Nevertheless, Plaintiff alleges, Defendants threatened to fire her if she did not return to work immediately. For fear of losing her job, Plaintiff claims she returned to work in April 2011. Nevertheless, Plaintiff alleges Defendants fired her in May 2011.

8. Plaintiff asserts claims against Defendants for Breach of Contract, Quantum Meruit, Promissory Estoppel, Intentional Infliction of Emotional Distress, and

violations of the Texas Labor Code sec. 21.051, Title VII of the Civil Rights Act, and the Americans with Disabilities Act. Plaintiff seeks actual damages, pre- and post-judgment interest, court costs, attorneys' fees, and exemplary damages.

### III.  BASIS FOR REMOVAL

9.  This Court has jurisdiction over this matter under 28 U.S.C. § 1331, because this case arises under the Constitution, laws, or treaties of the United States. Specifically, Plaintiff asserts causes of action under Title VII of the Civil Rights Act (43 U.S.C. § 2000e-2, *et seq.*) and the Americans with Disabilities Act (42 U.S.C. § 12111, *et seq.*). This court has supplemental jurisdiction over Plaintiff's remaining claims under 28 U.S.C. § 1367 because these claims are so related to Plaintiff's federal-law claims that they form part of the same case or controversy under Article III of the United States Constitution.

10.  Defendants Webster and Webster Foods consent to removal of this action and jointly submit this Notice of Removal through their undersigned attorney.

11.  The above allegations and request for relief confer original jurisdiction upon this Court pursuant to 28 U.S.C. § 1331. As a result, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (c).

12.  Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where this action has been pending is located in this district.

13.  Defendants will promptly file a copy of this Notice of Removal with the clerk of the state court where the action has been pending in accordance with 28 U.S.C. § 1446(d).

## IV. JURY DEMAND

14. Plaintiff demanded a jury in the State Court action.

## V. CONCLUSION

15. For these reasons, Defendants remove this action to this Court. Defendants' further request any other relief, at law or in equity, to which they may be justly entitled.

        Respectfully submitted,

        STEELE STURM PLLC

        */s/ Charles A. Sturm*
        CHARLES A. STURM
        State Bar No.: 24003020
        Federal Bar No. 21777
        700 Louisiana, 48th Floor
        Houston, Texas 77002
        Telephone: (713) 659-2600
        Facsimile: (713) 659-2601

        ATTORNEY FOR DEFENDANTS AARON WEBSTER AND WEBSTER FOODS, LLC, D/B/A TASTI D LITE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Defendants Aaron Webster and Webster Foods, LLC, d/b/a Tasti D Lite's Notice of Removal was served upon the following parties, in accordance with the Federal Rules of Civil Procedure, on this 28th day of June, 2013.

    Shakira Cruz
    THE CRUZ LAW FIRM, PLLC
    800 Commerce Street
    Houston, Texas 77002
    Telephone: (713) 627-2789
    Facsimile: (866) 434-2398

        */s/ Charles A. Sturm*
        CHARLES A. STURM